(125 App. Div. 603.)

## OSTRANDER v. ORANGE COUNTY TRACTION CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

DEATH—NEGLIGENCE—PROXIMATE CAUSE.

> To recover for a death as a result of a negligent act, there must be a connection of the accident with the death by a continuous succession of results traceable to defendant's wrong; and hence, where the evidence was undisputable that decedent, who was injured in a trolley car accident, died of œdema of the lungs, superinduced by heart disease, and no fact was produced to show that the disease could have been produced by the accident, there could be no recovery.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, § 19.]

Appeal from Trial Term.

Action for death by Elizabeth M. Ostrander, administratrix of Mary A. Dewey, against the Orange County Traction Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

C. L. Waring, for appellant.

R. H. Barnett, for respondent.

WOODWARD, J. It is not seriously questioned on this appeal that plaintiff's intestate was injured in an accident while a passenger in one of its cars, and that this was due to the negligence of the defendant's servants. The defendant does insist, however, that the injuries received at the time of the accident were not the proximate cause of the intestate's death; that the evidence does not connect the accident with the immediate cause of death. This question is fairly presented by the motion to dismiss the complaint at the close of plain-

tiff's evidence and renewed at the close of the entire evidence. The plaintiff was given a verdict, upon which a judgment for $2,266.86 has been entered. The defendant appeals.

Dr. Townsend, who was the family physician called to attend plaintiff's intestate after the accident, and who attended her down to the time of her death, was permitted to testify, and he testified that death resulted from œdema of the lungs, superinduced by heart disease; and this testimony is nowhere questioned or controverted. Indeed, plaintiff's brief admits that "the defendant proved by Dr. Townsend, the attending physician, that the immediate cause of death was œdema of the lungs and heart disease," but urges that such "testimony signifies nothing, as the material question involved in this appeal is, not the immediate cause of death, but the proximate." It seems to us, however, that the immediate cause of death is of great significance. Upon that must depend the question of the proximate cause. The proximate cause of death must be the cause that produced the condition resulting in death; and if it is conceded, as it is here, that the immediate cause of death was œdema of the lungs, due to heart disease, then the plaintiff was bound to show that the accident produced, or at least developed, the heart disease, with its consequent œdema of the lungs. Evidence that the intestate suffered from paralysis, that the injury was sufficient to produce paralysis, and that paralysis might result in death, would be sufficient to sustain the plaintiff's judgment, if it was shown that the deceased actually died from paralysis, or if it was shown that paralysis was the inducing cause of the heart disease, with its consequent œdema of the lungs; but, when it is once conclusively shown that the immediate cause of death was œdema of the lungs, it is incumbent on the plaintiff to show, not that the intestate was afflicted with paralysis, which might have resulted in death, but that this paralysis had some definite relation to the œdema.

The case of Eichholz v. Niagara Falls H. P. & M. Co., 68 App. Div. 441, 73 N. Y. Supp. 842, dealt with a question of pleading, and suggests no different doctrine from that which we have pointed out. It was there held that under the pleadings it was competent for the plaintiff to show that the injuries had produced the immediate cause of death; and if the evidence in this case met this requirement there would be no disposition to question the judgment. The trouble here is that the evidence is undisputed—and the fact is conceded—that the plaintiff's intestate died from a definite condition of the heart and lungs, while there is no testimony connecting this condition with the results of the accident. It is not material how seriously she may have been injured. If she did not die as the result of such injuries, then the plaintiff in this action, depending entirely upon the death of her intestate, is not entitled to recover. For instance, if the deceased had died from smallpox, the plaintiff in this action would not be entitled to recover because her intestate may have been injured in an accident on the defendant's railroad; and that is equally true of the cause of death which is conceded to have existed. The rule is that the question to be determined is: Was there an unbroken connection between the wrongful act and the injury—a continuous operation? Did the facts constitute a continuous succession of events so linked together as to

make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? M. & St. P. R. Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256. In this case the deceased diéd from œdema of the lungs, and no fact is produced to show that œdema of the lungs could have been produced by the accident, and without such facts the plaintiff has failed to show that she is entitled to recover in this action, for the reason that it is not shown that the death was due to any fault on the. part of the defendants. There must be a connection of the accident with the death—a continuous succession of results traceable to the defendant's wrong; and the evidence in this case fails to establish the necessary facts. It was error, therefore, to refuse the defendant's motion to dismiss.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.